## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### BRENGLE AND ALS. V. RICHARDSON'S ADM'R AND ALS.

#### January 31, 1884.

1. EQUITABLE JURISDICTION AND RELIEF—*Creditor's suit—Aliened lands.* Judgment creditor brings suit to enforce his lien. After account ordered and taken and other liens proved, the other lienors become parties to the suit, and are entitled to have the lands sold for their relief in the order of their respective priorities, and aliened lands of the debtor must be sold in the inverse order of the alienation. *P. & A. Ins. Co.* v. *Maury,* 1 Matthews (75 Va.) 508 ; Code 1873, ch. 182, § 10.

2. JUDGMENTS AND DECREES—*Conclusiveness—Bankrupt court—State Courts.*—The acts of courts of competent jurisdiction, having cognizance of the parties and the subject matter, cannot be questioned elsewhere. If bankrupt court wrongfully allows the bankrupt the exemption claimed by him, the remedy is not in the State courts.

3. RENTS AND PROFITS—*Judicial sales.*—Where the bill does not allege the insufficiency of the rents and profits to satisfy the liens within the period of five years, and where there has been no enquiry, but the decree of the court below sets forth that it appears that the lands without the improvements when sold would not more than pay the liens, the party entitled to the enquiry may be presumed to have waived it, and the decree of sale will not be set aside on account of the omission of such enquiry ; but it will be amended, and that party be allowed to have the enquiry if he chooses, and so amended the decree will be affirmed. *Ewart* v. *Saunders,* 25 Gratt. 203 ; *Price* v. *Thrash,* 30 Gratt. 515.

Appeal of W. D. Brengle, Henry B. Burnett, J. P. Price, and George K. Jones to the decree of circuit court of Henry county, rendered 26th October, 1876, in suit wherein George W. Richardson's administrator and others were plaintiffs and appellants, and others were defendants.

Opinion states the facts.

*Wm. Martin, E. Barksdale, Jr.*, and *Guy & Gilliam*, for appellants.

*Whittle & Anderson*, for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Henry county, rendered on the 26th of October, 1876.

The facts necessary to be stated are as follows: On the 26th day of November, 1866, John W. Smith sold to W. G. Brengle a lot of land, consisting of seven and one-eighth acres, at Ridgway, in the county of Henry, for $1,000. On the same day he sold to Henry B. Burnett a tract of forty acres at $1,025. On the 27th of November, 1866, he sold five and one-fourth acres to said Henry B. Burnett. On the 31st of March, 1868, he sold twenty-four and one fourth acres to George K. Jones. On the 26th of October, 1868, three-fourths of an acre to Robert C. Anderson, unimproved, without consideration. On the 4th of December, 1868, seven and one-fourth acres, at $140, to Samuel Smith. On the 26th December, 1871, to Henry L. Rea three and one fourth acres, at $56.25. To John A. Coan, a lot of one eighth of an acre at $25, no deed being made for the same. And to John W. Smith, Jr., about sixty-two acres, at $200.

Before these sales were made judgments had been recovered against the said John W. Smith as follows:

In June, 1866, a judgment in favor of John F. Wootton, for the benefit of Edmund M. Redd, for the sum of $490.56, with interest from the 3d of November, 1863, and $6.18 costs, recorded June 23, 1866.

In August, 1866, a judgment in favor of George W. Richardson, administrator of Jesse Richardson, for $115.25, with interest from the 12th November, 1866, and costs, $6.18, recorded August 23, 1866.

In August, 1866, a judgment in favor of the same party for $280, with interest from the 21st December, 1861, and costs, $6.78, recorded August 23d. 1866.

In March, 1866, a judgment in favor of Matthew Seay, for the sum of $1,145, subject to credit for $200, $45, $50, and $439.

In March, 1866, a judgment in favor of W. A. Sheffield, for Wootton's executor, for the sum of $983.35, subject to credit for $500, $100, $50, $72, and $6.48 costs.

After these sales said John W. Smith filed his petition in bankruptcy in the United States court, and was discharged in bankruptcy December 31st, 1868  In the said bankrupt court he surrendered his remaining lands, which were sold by his assignees by order of the court, free of liens, for the sum of $2,968.50  This amount being carried into said bankrupt court, was there distributed as follows: $2,000 to the bankrupt, as exempt for a homestead, and the residue in various ways, leaving a balance of $213.45 in the hands of the assignees, which has been accounted for and paid in this suit.

The judgment creditors sought relief in vain in the said bankrupt court.  They proved their debts there, and sought to charge the proceeds of the land in the hands of the said court with their judgments, which had constituted a lien on the lands sold, but they were unsuccessful

The said George W. Richardson then filed his bill in the circuit court of Henry, to charge the lands sold by John W. Smith before he went into bankruptcy, in the hands of the purchasers, Brengle, Burnett, and others named above; and subsequently filed his second amended bill in the cause. Some of the other judgment creditors had filed their bill in like manner to subject these lands, but their bills were dismissed upon demurrer for want of form, with costs, by the court, in the decree entered in the cause on the 2 th of October, 1876.  When the court, proceeding to decree upon

the commissioner's report, made in pursuance to preceding decrees, it appearing to the court that the value of the lands, as reported in the said commissioner's report, prior to the improvements made thereon by the said purchasers, Brengle and others, is not more than enough to discharge the liens thereon, as reported in the said report, decreed that, unless the defendants paid to named commissioners, who were appointed receivers for the purpose, within thirty days from the rising of the court, the respective sums reported in the said commissioner's report as the valuation of their respective lands prior to the improvements placed thereon, that the said commissioners should sell the lands upon terms set forth in the decree, in the inverse order of their alienation by John W. Smith; that on making the sale, if the said purchasers should purchase the same, they should be required to give bonds, with security, to the amount of the assessed value of the lands unimproved, as per the said commissioner's report; and for the balance of the purchase money they should be required only to give bonds without security.

Whereupon, the said purchasers, Brengle and others, applied for and obtained an appeal to this court from this decree.

The first assignment of error is that the court should only have sold enough of the lands to satisfy the debt due the appellee, Richardson, and that it should have been prorated between the purchasers. The bill was filed by Richardson to subject these lands to his judgments, and when an account of liens was ordered to be taken by a commissioner, the several judgment creditors named above filed and proved their judgments before the commissioner, and some of them, as we have seen, were superior to Richardson's, having been recovered before his and duly recorded. It was obviously right for the court to grant relief according to their respective merits and rights, and each was en-

titled to relief in the cause according to the merits of his case. The court did not err in refusing to prorate the debts secured by judgments upon the land, and in holding the lands liable in the inverse order of their alienation. The tenth section of chapter one hundred and eighty-two of the Code of 1873 expressly declares " that which is aliened last shall in equity be first liable, and so on with other successive alienations, until the whole judgment is satisfied," and the circuit court rightly so decreed.

The second is, that the court ought not to have decreed the sale of any of the lands of the appellants, because when John W. Smith sold these lands to the said appellants he had the other lands mentioned herein above, which were sold under the order of the bankrupt court, more than sufficient to pay Richardson's claim; that the bankrupt court had paid $2,000 of the proceeds of that land to John W. Smith wrongfully, and seeks to review the action of the bankrupt court in the premises.

This court has no power to review the action of that court, however erroneous. In the case of *Adams and others* v. *Logan and others*, 27 Gratt, 201, this court said : " The appellee cannot be held liable for any error, if such there be, in the decree of the bankrupt court, allowing Womack the exemption claimed by him, or assigning to his wife two hundred acres of land by way of compensation for her contingent right of dower. These were acts of a court of competent jurisdiction, having cognizance of the parties and the subject matter. It must be presumed, at least until the contrary appears, that the decrees and orders were fairly made with due regard for the interests of all parties. If any injustice has been done the appellants or others interested, the remedy is not in the State courts."

This question is too well settled to need further discussion.

But it is further assigned as error in the argument here

by the learned counsel who argued the case at the hearing in this court, that in the decree of reference to the commissioner to take an account of the liens, there was no direction to the commissioner to ascertain and report whether the rents and profits will pay the debts in five years, and no report by the commissioner upon that question.

The ninth section of chapter 182 of the Code provides : " If it appear to such court that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree the said estate, or any part thereof, to be sold, and the net proceeds applied to the satisfaction of the judgment."

In the case of *Ewart* v. *Saunders*, 25 Gratt. 203, Judge Bouldin, speaking for the court, upon this question said : " It will be observed that the statute prescribes no particular mode by which it shall be made to appear that the rents and profits will not pay the judgment in five years. When there is a doubt about the fact, or an enquiry is demanded by either of the parties, the court will generally direct one of its commissioners to ascertain and report the annual rents and profits of the land. But this is not a necessity in every case. If none of the parties ask such an enquiry, there may in a proper case be a decree for a sale without it." See also *McClung* v. *Beirne,* 10 Leigh, 410, 417, and *Manns* v. *Flinn*, 10 Leigh, 97. In the latter case, which occurred prior to the existing statute, that matter was not litigated nor brought in question, except in this court, when the objection was taken for the first time. The objection was overruled and the decree affirmed. The decree was so modified as to allow the appellants the privilege of an account of the rents and profits if they should so elect.

In the case of *McClung* v. *Beirne, supra,* the court said : " The next error assigned is the failure to ascertain whether the rents and profits would not pay the debt within a reasonable time. To this it may be answered that the de-

fendant, not having asked the enquiry, may be presumed to have waived it." In the case before us there is no allegation in the original nor the amended bill on the subject, but the judge of the circuit court sets forth in his decree, as we have seen, that it appeared that all the lands when sold would not more than pay the debts, without the improvements. In this case, as in Manns v. Flinn's Adm'r, the decree is interlccutory, and if there be a doubt about the rental value of the lands, there will be an opportunity on a proper showing to make the necessary enquiry now, and the execution of the decree may be suspended for that purpose. And if desired by the appellant's counsel here, the decree, as in the case of *Manns* v. *Flinn's Adm'r*, will be so modified as to require the circuit court to make the proper enquiries before the execution of the order of sale, as was suggested by Judge Bouldin in *Ewart* v. *Saunders*, *supra*. Upon the question suggested at bar in the argument as to the improvements put upon this land since its alienation, § 1, ch. 132, of the Code of 1873, provides for the means by which these purchasers may have relief, if a proper case can be made by them. The statute has been construed frequently in this court. *Wood* v. *Krebbs*, 30 Gratt. 708; 33 Gratt. 685, and cases cited. The decree complained of on appeal here, shows a regard on the part of the circuit court for the distinction, such as may arise, concerning these improvements. No question concerning the improvements has been yet made before the circuit court, and it is not before this court, the circuit court having taken no action upon the subject, except to have the improvements and the land valued separately, and to provide for separate bonds for these values, if the purchasers shall buy at the sale.

We are of opinion that there is no error in the decree, and the same must be affirmed.

DECREE AFFIRMED.