No. 13,020.

## SINGER ET AL. *v.* SCHEIBLE ET AL.

NOTICE.—*Commissioner's Deed.—Recitals.—Inquiry.—Mortgage.—Outstanding Equities.—Partition.*—The deed of a commissioner in partition, which gives the title of the cause and recites that it is made in pursuance of an order and judgment of court therein, "entered in Record No. 11, of the records of said court, on page 381," is sufficient to put subsequent purchasers or mortgagees from the grantee upon inquiry as to the character, extent and contents of the order and judgment, and as to all matters affecting his title which such record would disclose, and with respect to equities in favor of third persons, which might thus have been discovered, they can not be deemed innocent purchasers.

From the Bartholomew Circuit Court.

*S. Stansifer,* for appellants.

*W. F. Norton, S. W. Smith* and *G. W. Cooper,* for appellees.

HOWK, J.—In this case, the appellants John F., Jacob H. and Clara Singer sued Miranda J. and Della T. Singer, and the appellees Catharine Scheible and James C. Laughlin, auditor, and the board of commissioners of Bartholomew county, in a complaint of two paragraphs. The object of appellants' suit, as stated in each paragraph of complaint,

was to quiet their title to certain real estate, particularly described, in Bartholomew county. The demurrer of appellee Laughlin, county auditor, and the county board, was sustained as to each paragraph of complaint. The demurrer of Catharine Scheible was overruled as to the first paragraph, and sustained as to the second paragraph, of appellants' complaint. Mrs. Scheible then filed a cross complaint, wherein she sought the foreclosure of a certain mortgage held by her on the same real estate described in appellants' complaint. To such cross complaint appellants answered in three paragraphs, whereof the first was a plea of payment; in the second paragraph, they stated substantially the same facts that were stated in the first paragraph of their complaint; and in the third paragraph of their answer, they set up the same matters as those alleged in the second paragraph of their complaint. The demurrer of Mrs. Scheible was overruled as to the second paragraph and sustained as to the third paragraph of such answer; and she replied to the first and second paragraphs of answer, and answered the first paragraph of complaint, by general denials thereof.

The cause was submitted to the court for final hearing upon the complaint and cross complaint, and the issues joined thereon and the evidence adduced by the parties respectively; and, as against Miranda J. and Della T. Singer, the court found and decreed that appellants were the absolute owners of the real estate, described in their complaint. Upon the issues joined on the first paragraph of complaint by Catharine Scheible, and on her cross complaint, the court found against appellants and in favor of Mrs. Scheible, and decreed the foreclosure of her mortgage and the sale of the mortgaged real estate, and that the lien of such mortgage was prior and superior to the claims and equities of appellants in and to such real estate.

The first error complained of here by appellants is the sustaining of the demurrer of Catharine Scheible to the second paragraph of their complaint.

In this paragraph, appellants alleged that, on the — day of ———, 186–, Jacob Snyder died intestate, the owner in fee simple of the following real estate in Bartholomew county, Indiana, to wit: The south half of the southeast quarter of section 31, in township 10 north, of range 5 east, and the north half of the northeast quarter of section 6, in township 9 north, of range 5 east, and other real estate in such county, and also personal property of the value of $12,000, leaving the following children and grandchildren (and no widow) as his only heirs at law, to wit, Reuben, John F., Simon and Jacob Snyder, Ann E., wife of John Louden, Sarah, wife of Thomas King, Mary E., and Laura Treadway, infant children of his deceased daughter, —— Treadway, and the appellants, infant children of Catharine Singer, another deceased daughter of Jacob Snyder, deceased; that thereafter said children and grandchildren, other than Jacob Snyder, Jr., instituted an action in the court of common pleas of Bartholomew county, against Jacob Snyder, Jr., for the partition of such real estate, wherein such proceedings were had as resulted in an order of such court for the sale of portions of the decedent's lands, including the real estate particularly described as aforesaid, and Simeon Stansifer was appointed and duly qualified as commissioner to make such sale; that in such action and proceedings, appellants being then infants, Richard H. Singer, their father and guardian, duly appointed by the proper court of Pulaski county, Indiana, and qualified, appeared with and for them, and Milton Treadway, guardian of Mary E. and Laura Treadway, infants, duly appointed by the proper court and qualified, appeared with and for them; and that the other parties to such partition suit, with the husbands of the decedent's daughters, were all over the age of twenty-one years, and the husbands joined with their wives in such proceedings.

And appellants further said, that, after the order of sale and the appointment of such commissioner, the parties to

such suit appeared in such court of common pleas, on No-
vember 26th, 1869, and submitted to the court an agreement
in writing, which was then and there spread of record in the
proper order-book of such court; and, omitting the title of
such suit, and the signatures of the parties, such agreement
reads as follows:

" It is agreed that R. H. Singer may become the purchaser
from Simeon Stansifer, commissioner, of all the real estate
of which Jacob Snyder died seized, situate in Union town-
ship, Bartholomew county, Indiana, described in the complaint
herein, for $6,000,—$2,000 to be paid on the day of sale,
$2,000 one year from the day of sale, at six per cent., and
$2,000 two years from the day of sale, with like interest;
the said Singer is to pay the taxes on said real estate for this
year, and is to have the rent on growing crops of wheat sown
this year. As guardian of Catharine Singer's heirs he may
deduct as a cash payment, from the first and second payments,
the estimated distributive portions of said wards of proceeds
of all real estate of said Jacob Snyder, deceased, and of his
personal estate. The order directing the sale of said real
estate, to be sold at public sale, is to be changed to private
sale, without notice or publication thereof. November 12th,
1869."

And it was averred in appellants' complaint herein, that
the real estate particularly described therein was the only real
estate, whereof Jacob Snyder died seized, situate in Union
township, in such county. Thereafter, on March 16th, 1870,
Simeon Stansifer, Esq., commissioner as aforesaid, submitted
to such court of common pleas his verified report in writing
of his proceedings, as such commissioner, to the effect, *inter
alia,* that pursuant to the agreement of the parties to such
partition suit, he was authorized to convey to Richard H.
Singer the real estate, particularly described in appellants'
complaint herein, and take from him a mortgage to secure the
payment of deferred payments, assigned to parties and heirs
therein; that such report was approved and ratified by such

court, and it was thereon ordered, among other things, that Simeon Stansifer, commissioner as aforesaid, execute to Richard H. Singer a deed of conveyance of the real estate hereinbefore described, purchased by him as aforesaid, and that, before the delivery of such deed, the commissioner take from said Singer a mortgage on such real estate to secure the unpaid balance of purchase-money ; and that thereupon, in pursuance of such order, Simeon Stansifer, as such commissioner, submitted to such court of common pleas his deed of conveyance, in the statutory form, of the real estate above described to said Richard H. Singer, which deed was then and there examined and approved by such court, and such approval was endorsed thereon, and, the costs of such suit having been paid, the commissioner aforesaid was discharged from further duty or liability in that behalf; all of which proceedings have since remained of record and in full force, and were in fact had and duly made.

Appellants further averred, that the deed of conveyance, so executed and approved by such court, was duly acknowledged by the commissioner aforesaid, and, with such acknowledgment endorsed thereon, was duly recorded in the proper record-book of the recorder's office of Bartholomew county ; that such deed contained a full and correct description of the two half-quarter sections of land hereinbefore described, but the clerk of such court, in copying such deed in the order-book entry, by inadvertence, omitted one eighty-acre tract ; that thereafter, and before the delivery of such deed to the grantee therein, the parties to such partition suit agreed among themselves as to the share and portion of appellants in and to the estate, real and personal, of Jacob Snyder, deceased, which was $2,800, and said Richard H. Singer put that amount, and credited himself therewith, into the purchase-price of such real estate, and after having secured by mortgage and otherwise satisfied the balance of $3,200 to the other heirs and their assigns, the commissioner delivered such deed to the grantee therein, who caused it to be recorded as aforesaid, on

the 24th day of February, 1871; that said Richard H. Singer took immediate possession of such real estate upon and under said purchase and deed, getting the rent of the growing wheat as provided in the aforesaid agreement for the sale thereof to him, and continued in such possession, appropriating to himself the rents thereof until his death, and for a period of fifteen years, the reasonable rental value thereof being $300 per year, and more than enough to reimburse him on account of said $3,200, and the payment of $142 hereinafter shown.

And appellants averred, that said Richard H. Singer did not, during his lifetime, as their guardian or otherwise, pay or account to them, or any of them, for any portion of said $2,800, or of such rents, nor has any one since done so, except that in 1882 he paid appellant John F. Singer, on account, the sum of $142; that appellant John F. Singer became of lawful age in 1878; that appellant Jacob H. Singer, and appellant Clara Singer, were yet infants; that said Richard H. Singer died intestate in July, 1882, the owner of no real estate, and with none in his name other than the real estate hereinbefore described, his estate being insolvent, and leaving the defendants, Miranda J. Singer, his widow by a second marriage, and Della T. Singer, his infant and only child, by his second wife.

Appellants further said, that on the 20th day of November, 1880, Richard H. Singer and Miranda J., his wife, executed to the State of Indiana, for the use of its common school fund, a mortgage on such real estate to secure the payment of $1,000 of such fund borrowed by him, which mortgage was on the same day recorded in the proper mortgage record of the recorder's office of such county; that, on the same day, Richard H. Singer and Miranda J., his wife, executed to Jacob M. Scheible a mortgage on such real estate to secure the payment of $1,000 borrowed by him of said Scheible, which mortgage was recorded in the proper mortgage record of such recorder's office; that thereafter Jacob M. Scheible died testate, and, by his last will, bequeathed all his personal

estate to his widow, the appellee Catharine Scheible; that there had been no administration of Jacob M. Scheible's estate, and all the debts of such estate had been paid; and appellee Laughlin was auditor of Bartholomew county.

Appellants averred and charged that, by reason of the facts hereinbefore stated, Richard H. Singer took, held and used such real estate as the trustee of appellants, who were then and since the equitable owners thereof, and entitled to its use, income and rents; that by reason of the proceedings of record, as aforesaid, in such court of common pleas of Bartholomew county, the mortgagees aforesaid took their respective mortgages with notice of such trust; that such sum of $2,800, so as aforesaid put into such real estate by Richard H. Singer, with interest not compounded every two years, would pay or otherwise amount to more than the residue of the land, he having purchased it for more than its value, which had since greatly decreased, so that such real estate was not, when Richard H. Singer died, nor since his death, worth more than, to wit, $4,000.

Wherefore appellants prayed judgment quieting their title to such real estate, declaring them to be the absolute owners in fee simple of the legal and equitable title thereto, and that such mortgages be set aside and declared to be of no effect as against such real estate. Or, if it should be deemed more equitable to do so, then it was prayed that appellants be decreed to be specialty creditors of Richard H. Singer, with an equitable lien upon such real estate prior and superior to the lien of said mortgages, which were past due; that the court should find and adjudge that there was due appellants the sum of $2,800, with interest thereon compounded every two years, since March 15th, 1870, the date of the commissioner's deed, less as against John F. Singer the payment to him as aforesaid, and interest thereon; and that such real estate, or so much thereof as may be necessary, be decreed to be sold to pay and satisfy the amount found due the appellants, and they pray for all proper relief.

The first paragraph of appellants' complaint, in addition to the facts stated in the second paragraph, the substance of which we have given, contained the following averment: "And further, it is averred, said Jacob M. Scheible took his said mortgage with other and actual notice of said trust."

We may well conclude, therefore, as we do, that it was the averment last quoted, which caused the circuit court to over-rule the demurrer of Catharine Scheible to the first para-graph of appellants' complaint; and that it was for the want of such an averment in the second paragraph of such com-plaint, her demurrer thereto was sustained by the court.   In neither paragraph of their complaint, did the appellants aver that the proper county officers, charged with the control and management of the common school fund, had actual notice, at the time they took the said mortgage to the State, for the use of its common school fund, of the equitable title or trust estate of appellants in or to the mortgaged real estate; and it was for the want of such an averment, we may well sup-pose, that the court below sustained the demurrer of the auditor and county board to each and both of such para-graphs of complaint.

In his brief of this cause, appellants' counsel says: "The only question for the consideration of this court is, whether the record in the partition suit, the commissioner's deed to Richard H. Singer referring to such record, was constructive notice to the mortgagees?" It is manifest from our state-ment of this case, that the question thus propounded by counsel is fairly presented for our decision by the rulings below on the demurrer of the auditor and county board to each paragraph of complaint, on the demurrer of Catharine Scheible to the second paragraph of complaint, on her de-murrer to the third paragraph of answer to her cross com-plaint, and by the errors assigned here upon each of the aforesaid rulings.  The commissioner's deed, referred to in the question stated by appellants' counsel, was in the form prescribed by section 1023, R. S. 1881, in force since Octo-

ber 10th, 1863, for such a deed, and was, in substance, as follows:

"Simeon Stansifer, commissioner, by the order and judgment of the court of common pleas of Bartholomew county, Indiana, in the case of *Reuben Snyder*" (and thirteen other plaintiffs, whose names we omit), " v. *Jacob Snyder, Jr.*, entered in record No. 11, of the records of said court, on page 381, conveys to said Richard H. Singer the following real estate in Bartholomew county, Indiana:" (Description omitted), " for $6,000. Witness my hand and seal," etc.

The statute requires that the deed shall " describe the kind of record, number of volume, and page," wherein " the order or judgment" is entered, by virtue of which the person named as " a commissioner, appointed by the court," is authorized to execute the particular deed. It is manifest, we think, the law required that a commissioner's deed should contain these recitals and references, to the end that the grantee in such deed, and all persons thereafter interested in the title to the real estate therein described, might readily ascertain from the "record, number of volume and page," all matters there shown affecting such title. We are of opinion that the recitals and references in the commissioner's deed, the substance of which we have given, were sufficient to put any person claiming title by, through or under Richard H. Singer, the grantee in such deed, upon inquiry as to the character, extent and contents of the order and judgment, under and pursuant to which the deed was executed. That which shall be sufficient to put the party upon inquiry, is notice. *Hiern* v. *Mill*, 13 Ves. 114. "And so it is in all cases where the purchaser can not make out a title but by a deed; which leads him to another fact: the purchaser shall not be a purchaser without notice of that fact, but shall be presumed cognizant of it; for it is *crassa negligentia* that he sought not after it." *Mertins* v. *Jolliffe*, Ambl. 311, 314. See, also, *Brush* v. *Ware*, 15 Peters, 93, 104; *Coy* v. *Coy*, 15 Minn. 119; *Wood* v. *Krebbs*, 30 Gratt. 708; *Cordova* v. *Hood*, 17

Wall. 1; *Dickinson* v. *Worthington*, 4 Hughes C. C. 430; *Lovejoy* v. *Raymond*, 58 Vt. 509.

In *State, ex rel.,* v. *Davis*, 96 Ind. 539, the court said: " It is well settled that the purchaser of real estate is presumed to have examined the records of the deeds, necessary to make out his chain of title, and under which he claims, and is bound by the recitals in such deeds showing encumbrances, or the non-payment of purchase-money. He is charged with constructive notice of facts recited in a deed under which he claims, and is bound by such facts, even though he have no actual notice thereof." *Wiseman* v. *Hutchinson*, 20 Ind. 40; *Croskey* v. *Chapman*, 26 Ind. 333; *Colman* v. *Watson*, 54 Ind. 65; *Hazlett* v. *Sinclair*, 76 Ind. 488 (40 Am. R. 254); *Sample* v. *Cochran*, 84 Ind. 594; *Stockwell* v. *State, ex rel.*, 101 Ind. 1, on p. 13, *et seq.*

In the case in hand, the mortgagees, or those representing them, claimed that they were purchasers for value, without notice, of the real estate in controversy; and this claim was virtually sustained by the court below, by its rulings upon the separate demurrers of the county auditor and board of commissioners of Bartholomew county to each paragraph of appellants' complaint, and upon the separate demurrers of Catharine Scheible to the second paragraph of such complaint, and to the third paragraph of appellants' answer to Catharine Scheible's cross complaint.

These rulings are in direct contravention of the rules and principles of equitable jurisprudence, and can not be sustained. The mortgagees took their mortgages from Richard H. Singer, upon the real estate described in the deed to him from Simeon Stansifer, commissioner. This commissioner's deed was the only muniment of Singer's title to such real estate. The mortgagees are conclusively presumed to have examined the record of such commissioner's deed, if not the deed itself, under which alone the mortgagor claimed title to the mortgaged property. The recitals and references in such deed, in relation to the order and judgment of the court un-

der which it was executed, were amply sufficient to put the mortgagees upon inquiry as to all matters affecting the mortgagor's title, which were or might be shown by the record of such order and judgment. They were charged, therefore, with constructive notice of all such matters, and were bound thereby, even though they had no actual notice thereof.

A slight examination of such record would have disclosed the fact, that of the appellants' money, which they did not acquire by or from Richard H. Singer, and in which he had no possible interest, the sum of $2,800, being seven-fiftcenths, or nearly one-half, of the entire purchase-money, was invested by him in the real estate conveyed to him by Stansifer, commissioner. A few inquiries, in the proper quarter, would have developed the further fact, that no part of the sum of money, so invested by Richard H. Singer, had ever been refunded by him or by any one for him to the appellants, or either of them. So it is, therefore, in the case under consideration, the mortgagees could not be purchasers without notice of the foregoing facts, but must be presumed cognizant of them, for it was *crassa negligentia* that they sought not after them.

We are of opinion, therefore, that the court below erred in sustaining the separate demurrers of the county auditor and county board to each paragraph of appellants' complaint, and in sustaining the separate demurrers of Catharine Scheible to the second paragraph of such complaint, and to the third paragraph of appellants' answer to Catharine Scheible's cross complaint.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule all the demurrers mentioned in the last preceding sentence, and for further proceedings not inconsistent with this opinion.

Filed Feb. 24, 1887.