**AMERICAN INV. CO. v. BREWER et al.**

No. 8778—Opinion Filed Dec. 24, 1918.

Rehearing Denied May 27, 1919.

(181 Pac. 294.)

**1. Guardian and Ward—Sale By Guardian —Payments—Security.**

Where property of a minor is sold by a guardian partly on time and partly on deferred payments, the deferred payments must be secured by a first lien on the land together with such other security as the court may deem sufficient.

**2. Same — Guardian's Sale — Avoidance— Fraud.**

A guardian's sale of land can be avoided by pleading and proving fraud in making the sale or the court may give such other relief as may be authorized by equitable principles.

**3. Evidence—Guardian's Sale — Notice to Purchaser.**

In case land of a minor is sold by the guardian, the purchaser and all others afterwards dealing with the land are charged with notice of the probate proceedings through which the sale is made, also of the law involved, and must take notice that, in case there are deferred payments, the same must be secured by a first lien on the land sold.

**4. Infants—Guardian Ad Litem — Litigation—Parties.**

A guardian ad litem of a minor is the arm of the court extended to protect the minor who is incapacitated to look after his own interests, and when, in order to guard the minor's rights, it becomes necessary, the court should direct the guardian ad litem to make all persons parties to the litigation whose presence is necessary to give the court jurisdiction to grant proper and adequate relief to the minor.

(Syllabus by Stewart, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Foreclosure action by the American Investment Company against B. I. Brewer, David H. Spain, a minor, and others, with cross-petition by T. H. Reeder, guardian ad

litem of David C. Spain, minor. Judgment for the minor on the cross-petition, and plaintiff brings error. Remanded, with directions.

H. E. Oakes, for plaintiff in error.

T. B. Reeder, guardian ad litem, for defendants in error.

Opinion by STEWART, C. David H. Spain is a minor Indian owning certain lands situated in Stephens county: Thomas H. Spain being his guardian. On application for order of the county court the guardian sold the land of the minor to B. L. Brewer, $2,000 being the consideration, $1,100 of which was to be cash, the remainder to be secured by mortgage against the land. The guardian made his report to the court, and the sale was approved, and guardian's deed executed. The evidence shows that B. L. Brewer was without funds, and that, by arrangement with the guardian before he paid the cash consideration, the guardian's deed was executed and the land was mortgaged by Brewer to the American Investment Company to secure a loan of $1,100, and what is known as a commission mortgage was executed as a part of the same transaction to C. E. Cartt to secure two notes of $165 each, said commission mortgage being second to the mortgage made to the American Investment Company; that afterwards C. E. Cartt transferred the commission mortgage to the American Investment Company. The $1,100 was paid to the guardian, and a third mortgage given to secure the minor for the remainder of the purchase price. It does not appear that the court made investigation of the facts at the time of approving the sale and transfer, but granted relief upon the representations of the guardian in the return of the sale which showed the payment of the cash consideration and proper security for the unpaid part. On failure to pay the notes secured by the commission mortgage when due, the American Investment Company brought foreclosure action on the commission mortgage, alleging in the petition that the first mortgage for $1,100 had been transferred by the company and was not at the time owned by the plaintiff; a foreclosure of the commission mortgage only being asked. T. B. Reeder was appointed guardian ad litem for the minor, and appeared and filed answer and cross-petition setting up necessary facts showing collusion and fraud between the guardian of the minor, the American Investment Company and B. L. Brewer, the purchaser of the land, and asking that all mortgages against the land be canceled and all cloud be removed from the minor's

title to the same, also praying in the alternative that the mortgage made for the purpose of securing the unpaid purchase price coming to the minor be declared superior to all mortgages and liens against the land, and that the same be foreclosed. Upon a trial being had, the court ordered that the title and possession of the premises be settled and quieted in the minor as against any and all claims or demands of the plaintiff and other defendants who had been made parties and those claiming under them; that the guardian's deed, the commission mortgage, and all other deeds or documents be canceled and removed as clouds upon the title of the minor; that the American Investment Company and those claiming by, through, or under it and the defendants and each of them, and those claiming through, by or under them, or either of them, be perpetually enjoined from claiming any right, title, interest, or estate in and to the land adverse to the minor, from which judgment the plaintiff duly appeals to this court, and as grounds for reversal urges the following propositions:

"First. The judgment is void for the reason that said court had no jurisdiction of the particular matter which the judgment professed to decide.

"Second. The fact that the prayer to the answer of said defendant prayed that plaintiff's mortgages and certain deeds through which it claims be canceled as clouds upon his title did not warrant the court in canceling the same.

"Third. The validity of the guardianship sale cannot be attacked in this proceeding."

Under the first proposition the plaintiff in error urges that the court had no jurisdiction to render the particular judgment for the reason that the same was entirely outside the issues in the case; in other words, that the pleadings were not sufficient to authorize the court to render the particular judgment. Our attention is called to Standard Savings & Loan Association v. Anthony Wholesale Grocery Company, 62 Okla. 242, 162 Pac. 451, L. R. A. 1917D, 1020; Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071; Sharp v. Sharp, 65 Okla. 76, 166 Pac. 175, L. R. A. 1917F, 562; Rogers, Treasurer, et al. v. Duncan, 57 Okla. 20, 156 Pac. 678; Rogers v. Bass & Harbour Furniture Co., 47 Okla. 786, 150 Pac. 706; Anglea v. McMaster et al., 17 Okla. 501, 87 Pac. 660, Choi v. Turk et al., 55 Okla. 499, 154 Pac. 1000; 23 Cyc. 683.

The second proposition is necessarily embraced in the first, being argumentative and merely meant to suggest that, as the issues

joined did not authorize the particular judgment, the prayer could not cure the failure to make necessary allegations. There is no doubt about the soundness of the authorities presented nor of the abstract proposition of law urged by plaintiff in error, but, on an examination of the pleadings in the case, we find that the facts showing the fraud have been sufficiently pleaded, and that the allegations have been sustained by the proof. The relief sought being equitable, it was therefore the duty of the court, under the pleadings and the proof, to render such judgment as would adequately protect the injured minor, at the same time doing equity between the parties. As to the third proposition, that the validity of the guardianship sale cannot be attacked in this proceeding, we desire to say that the rule of law which the plaintiff in error seeks to invoke does not apply to a proceeding to set aside a sale or cancel instruments affecting the title of land on the ground of fraud, and that upon a proper showing such relief may be had whether the fraud is in connection with a guardian's sale approved by the court or otherwise. The thing necessary to be determined is whether or not there was fraud in the sale, and, if fraud was perpetrated, the fact that it has the appearance of judicial sanction does not affect the right of the defrauded person to equitable relief.

The American Investment Company and all other persons dealing with the land in question were charged with notice of the probate proceedings which showed that the minor's land was sold partly for cash and partly on time and are also presumed to know and are charged with notice of the law as to guardianship sales. The statute which applies is section 6567, Rev. Laws 1910, which reads:

"All sales of real estate of wards must be for cash, or for part cash and part deferred payments, not to exceed three years, bearing date from date of sale, as, in the discretion of the county judge, is most beneficial to the ward. Guardians making sales must demand and receive from the purchaser a bond and mortgage on the real estate sold, with such additional security as the judge deems necessary and sufficient to secure the faithful payment of the deferred payments and the interest thereon."

As we construe such statute, it is necessary that a cash payment be made and that the balance be secured by a first mortgage on the land with such additional security as the county judge may deem sufficient. While the statute does not in its terms require a first mortgage on the land, it would be unreasonable to hold that the Legislature had

any other intent. It would also be violative of the terms of the statute requiring part cash that the minor should furnish the security out of the identical property sold for the purpose of procuring the money for the cash payment. This would not be a cash payment, but would amount in effect to permitting the guardian to make a first mortgage on the land and then sell the equity without any cash payment, merely securing the remaining purchase price by a mortgage alone upon the equity sold. The courts will not uphold such circumvention in dealing with the property of minors. In addition to being charged with notice of the probate proceedings and of the law, the American Investment Company had actual knowledge of the arrangements between Brewer and the guardian, as is shown by a letter in the record admitted to have been written by them sent to their agents, Womack & Brown, at Duncan, Okla., at the time of closing the loan and prior to the recording of a mortgage given to secure the minor, which letter in part reads:

"We are paying this loan out upon the promise of your Mr. Womack that he will procure an acknowledged statement from Thomas H. Spain, the guardian, waiving all rights for the balance of the purchase money in favor of this company, and that if Mr. Spain takes a mortgage for any part of the purchase money, said mortgage will recite that same is inferior to $1100.00 mortgage to the American Investment Company dated March 28th 1913, recorded in Book ——, page ——, and to a second mortgage to C. H. Cartt, for $330.00, same date, recorded in Book ——, page ——.

"We know that your Mr. Womack understands exactly what is necessary and we want you to send us an exact copy of the language that you use in the third mortgage that we may place with our files and know that we are protected and will have the matter always before us for ready reference."

We are of the opinion that the court was authorized to grant the relief which is provided for in the judgment, and that, under the state of pleadings and with the parties at that time before the court, no more adequate relief could have been afforded. But the record in this case discloses to us that the minor did not obtain all of the relief to which he was entitled, due to the fact that the assignee of the first mortgage was not made a party to the proceeding. Ordinarily this court would let the matter rest where it is, in view of the fact that the party interested did not file the proper pleadings, or take proper steps toward making other parties; but a different course should be pursued where the interests of a minor are involved.

The guardian ad litem is the arm of the court extended to protect the minor, who, because of his minority, is incapacitated to act for himself and is unable to protect his own interests. Minors and incompetent persons are the especial objects of attention of the courts and it is the duty of the court, whenever the necessity appears to advise the guardian ad litem as to what steps to take and what pleadings to file. It is clear that the assignee of the first mortgage should have been made a party to the proceedings below in order that the minor could have all the relief to which the facts entitled him. Under the state of the record it is clear that the assignee was charged with notice of the probate proceedings showing the return of the sale and of the law involved, but a judgment could not be rendered affecting his rights without having him before the court as a party. The assignee, under the law, was not an innocent purchaser for value. We think that the facts would warrant the cancellation of the guardian's deed and also all transfers of the land or incumbrances against the same, since the guardian's sale, but, under the rule that he who seeks equity must do equity, it would be the duty of the minor to restore everything of value which he has received before the cancellation of the first mortgage should be awarded. The guardian was paid $1,100 as the proceeds of the loan made by the American Investment Company; the presumption being that the minor received the benefit thereof. There is no evidence before us to show whether or not the guardian had squandered this money. We assume that, if such is the case, there is a sufficient bond to protect the minor, and, as it does not appear that the price received for the land was inadequate, we are also of the opinion that, for the minor's best interest, the court would be authorized to declare the mortgage given to secure the balance of the purchase price of the land superior to all other outstanding liens against the land not existing at the time of the sale, and that such mortgage so declared be a first lien, that the same be foreclosed, and the proceeds first applied to the payment of such mortgage indebtedness, costs, and taxes. This being an equity case, the court has authority to modify the judgment so as to do justice between the parties or to remand the case to the trial court for such purpose. Not having the assignee before us, we are unable to modify the judgment; therefore we have decided to remand the case to the trial court for further proceedings, where all necessary parties can be brought before the court.

It is ordered that the cause be remanded to the trial court, with directions to set aside the original judgment and require the guardian ad litem to make the assignee of the indebtedness secured by the first mortgage a party to the proceedings, and that the trial court hear and determine the issues in accordance with the views herein expressed, allowing or ordering such amendments to the pleadings as the court in its discretion may find proper.

By the Court: It is so ordered.