Gloria DELESDERNIER, wife of Paul
Marchand, Appellant,

v.

O'ROURKE & WARREN COMPANY
et al., Appellees.

No. 19449.

United States Court of Appeals
Fifth Circuit.

Aug. 15, 1962.

Burton B. Loebl, North Miami Beach,
Fla., for appellant.

Philip R. Kelley, Kissimmee, Fla., John
R. Gould, Vero Beach, Fla., T. W. Conely,
Jr., Okeechobee, Fla., for appellees.

Before TUTTLE, Chief Judge, and
RIVES and BROWN, Circuit Judges.

TUTTLE, Chief Judge.

 This is an appeal by the plaintiff
in the trial court from an order dismiss-
ing her suit for recovery of title to real
property in Florida, which formerly be-
longed to her deceased father. The basic
facts are not in disagreement, since, of
course, the facts alleged in the complaint
must, for the purpose of the motion to
dismiss, be taken as true.

Appellant was born a month or two
after the death of her father, who died
intestate on September 13, 1924, leaving
about 2700 acres of real property in the
state of Florida. The plaintiff claims her
intestate share of this property. Her
mother, "Angie," applied to the Judge of
the County Court of Osceola County,
Florida, to be appointed guardian of ap-
pellant and her two minor brothers. The
two brothers were killed during the
second World War and presumably their
interest passed to their mother, who still
survives. This appointment was made

by the County Court. Thereafter, Angie applied to the court for permission to sell the property which she held for the children and for herself individually, it being undisputed that she had a one-fourth undivided interest in the estate. On July 28, 1925, the court granted this permission and ordered a sale of the property to O'Rourke & Warren Company, one of the defendants in this action. The deed was executed on August 28, 1925, and the court duly confirmed the sale. The deed and the order authorizing it, both described the terms of sale, which were $40,000 of which $15,000 was to be paid in cash and the rest to be paid in three equal annual installments. A purchase money mortgage was executed by O'Rourke & Warren Company in favor of Angie, both in her individual capacity and as guardian. This deed was recorded on September 11, 1925. It is alleged that the mortgage was also recorded but the date of its recording is not specified. On July 26, 1927, Angie, without any consideration for doing so, entered the word "satisfied" on the mortgage. This satisfaction of the mortgage was not recorded until October 15, 1927. Prior to that, on October 12, 1927, O'Rourke & Warren Company reconveyed the property to Angie individually and with no reference to her guardianship. Thereafter Angie, personally, made sales of the property to certain of the other defendants. The proceeds of these sales were not accounted for in the guardianship proceedings.

Appellant's theory as to her right of recovery is that the record facts—that the property was sold under a court order as a guardian's deed; that the guardian received as part payment for the conveyance a purchase money mortgage; and that the guardian, in her own individual right and not as guardian, took back a warranty deed to the property at a time when the mortgage had not been satisfied of record and that a few days later a satisfaction of the mortgage, executed two months previously, was recorded—charged all purchasers from Angie with such notice as would require

them to ascertain the true facts as to how Angie became the owner of fee simple title in property which she had previously conveyed as guardian and against which she still held an unsatisfied mortgage as guardian, and further that her satisfaction of the mortgage was without consideration other than the reconveyance of the property to her in her individual capacity.

■ The appellant also contends that the original appointment of the guardian was void because at the time of her appointment Angie was in fact a resident of the state of Louisiana, and was not eligible to be appointed guardian of the person or property of the appellant in the state of Florida. There is no merit to this contention, since the appointment by the county court can not be attacked collaterally for matters that do not appear on the face of the record, Lee v. Patten, 34 Fla. 149, 15 So. 775.

The validity of appellant's principal contention, stated above, depends, it seems to us, on the construction of the Florida case of Sapp v. Warner, 105 Fla. 245, 141 So. 124, 143 So. 648, 144 So. 481. Appellant pitches her whole case on this decision by the Supreme Court of Florida. Appellees make no effort to challenge the present authority of the rule there laid down. In fact they cite no Florida cases touching on the point in issue.

The Sapp case dealt with a sale by a guardian, who, like the guardian here, took back a purchase money mortgage. The guardian failed to record the mortgage, and the purchasers of the property later sold it to persons who were otherwise innocent purchasers without actual or record notice of the existence of the mortgage. However, the Florida court held that since the deed showed on its face that it was a guardian's deed, and since a guardian's deed would have no validity except by being authorized by an order of the probate court, there was a duty on the purchasers from the grantee in a guardian's deed to examine the record of the County Court touching

on the matter of the sale and that such examination would have disclosed that there was an outstanding mortgage in favor of the guardian. The court, therefore, affirmed the action of the chancellor who permitted the guardian to foreclose the unrecorded mortgage. Pointing out the effect, as to notice, of the mere fact that a deed is a guardian's deed, the Florida Supreme Court said:

"[Absence of recitals of the court proceedings] cannot change the legal status of the instrument as being a guardian's deed whose essential validity can only be sustained when shown to be predicated upon valid preliminary proceedings before the county judge, necessary to have authorized the guardian to have legally made such a deed. The deed appears to have been executed by a guardian describing himself as such, so the absence of recitals in that deed describing the proceedings by which it was authorized is immaterial, since, as we have pointed out, the validity of that deed could only have been determined by examining the records in the office of the county judge." 141 So. 124, 129.

Then stating the rule as to what legal result flows from such notice as to proceedings in the probate court, the decision says:

" * * * the rule supported by the best authority is that the record is constructive notice to creditors and subsequent purchasers not only of its own existence and contents, but of such other facts as those concerned with it would have learned from the record, if it had been examined, and inquiries suggested by it, duly prosecuted, would have disclosed. * * * If, in the investigation of a title, a purchaser, with common prudence, must have been apprised of another right, notice of that right is presumed as a matter of implied actual notice. Reeder v. Barr, 4 Ohio 446, 22 Am.Dec. 762; Singer v. Scheible, 109 Ind. 575, 10 N.E. 616; American Inv. Co. v.

Brewer, 74 Okl. 271, 181 P. 294; Cambridge Valley Bank v. Delano, 48 N.Y. 326; Blake v. Blake, 260 Ill. 70, 102 N.E. 1007. Means of knowledge, with the duty of using them, are in equity equivalent to knowledge itself. Cordova v. Hood, 17 Wall. 1, 21 L.Ed. 587. See, also, Taylor v. American Nat. Bank, 63 Fla. 631, 57 So. 678, Ann.Cas.1914A, 309; Hunter v. State Bank of Florida, 65 Fla. 202, 61 So. 497; McRae v. McMinn, 17 Fla. 876; Figh v. Taber, 203 Ala. 253, 82 So. 495."

The Florida court then recognizing that the rule of that state requires a higher duty to examine than do some other jurisdictions, quoted with approval the opinion of the Texas case of Loomis v. Cobb, 159 S.W. 305, 307 (Tex.Ct.Civ. App.) which laid down the following rather rigid test:

" * * * It is a familiar and thoroughly well-settled principle of realty law that a purchaser has constructive notice of every matter connected with or affecting his estate which appears by recital, reference, or otherwise upon the face of any deed which forms an essential link in the chain of instruments through which he deraigns his title. The rationale of the rule is that any description, recital of fact, or reference to other documents puts the purchaser upon inquiry, and he is bound to follow up this inquiry, step by step, from one discovery to another * * *, until the whole series of title deeds is exhausted and a complete knowledge of all the matters referred to and affecting the estate is obtained. Being thus put upon inquiry, the purchaser is presumed to have prosecuted it until its final result and with ultimate success."

Thus, the rule in Florida is that notice of a kind to require a purchaser to make a further investigation is notice of a kind that would cause one "with common prudence" to have been apprised of "another right." There is

thus an issue of fact as to whether the peculiar circumstances that appellant's mother as guardian gave a warranty deed to the property subject to a mortgage in favor of herself as guardian, and then before the mortgage was entered satisfied of record, received a warranty deed to the same property in her own right and subsequently entered a satisfaction of the mortgage, previously executed, were sufficient to put a purchaser "with common prudence," on notice that the ward's rights were somehow being illegally extinguished. Without attempting in any way to decide this question of fact, we think it appropriate to say that such a method of dealing with a ward's property, especially in view of the fact that the entry of a satisfaction by a guardian apparently does not require a separate order of the probate judge, certainly is of sufficient significance to warrant a finding by the trial court that a purchaser of common prudence would be required to make an examination of the guardianship proceedings, and ascertain the true facts as to how the title to guardianship came into the hands of the guardian without being charged with the trust in favor of the wards.

The plaintiff also alleged fraud in the transaction between her mother and O'Rourke & Warren Company, and in vague terms seeks to charge some kind of fraudulent participation by the present owners. Any fraud practiced by the original purchaser on Angie, as guardian, would not, of course, be imputed to purchasers without notice unless there was some suspicious circumstances in the record title. The other allegations seeking to connect the defendants, "or some of them," with the fraudulent transaction, are entirely too vague and indefinite to sustain an action for fraud under the requirements of Rule 9 of the Federal Rules of Civil Procedure, 28 U.S.C.A.: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

We conclude, therefore, that no grounds for relief are asserted by the complaint by virtue of the alleged non-residence of the guardian at the time of her appointment, or on the ground of fraud. However, we conclude that the trial court erred in dismissing the complaint for failure to state a claim upon which relief may be granted in view of our conclusion that the county records touching on the title to the land in question contained entries which, upon a trial of the case, the trier of the facts might find would apprise a purchaser of common prudence of the outstanding rights of the appellant. The legal consequences flowing therefrom will be a matter for the trial court initially to determine.

We conclude, therefore, that the case must be remanded for further and not inconsistent proceedings. In doing so we repeat what this Court has said in Carss v. Outboard Marine Corporation, 5 Cir., 252 F.2d 690:

"The result is that the cause must be reversed and remanded for further and not inconsistent proceedings. We think it appropriate to point out, however, that from the standpoint of judicial administration, there is no basis for the misapprehension that the only alternative to denial of a motion to dismiss a complaint for failure to state a claim is a full-blown trial which, either half way through, or at the end, turns out to have been unnecessary. The rules contain a valuable tool whose fullest use has long been encouraged by us, Bruce Construction Corp. v. United States, 5 Cir., 242 F.2d 873, by which on motion for Summary Judgment, F.R.C.P. 56, the Court with the facts, not bare pleadings, can determine in advance of trial whether there is a genuine issue for ultimate decision of jury or judge." 252 F.2d 690, 692, 693.

Reversed and remanded.