No. 14,655.

## LANGSDALE v. WOOLLEN, ADMINISTRATOR.

PLEADING.—*Complaint to Recover Real Estate.— Damages.— Misjoinder.*—
It is not a misjoinder to join in the same complaint a paragraph seeking to recover the possession of real estate with another claiming damages for its detention.

SAME.—*Misjoinder.—Question of, How Raised.*—The only way to raise the question of a misjoinder of causes of action is by demurrer, and it is not error for the lower court to overrule a motion to docket separately the different paragraphs of complaint, as independent actions, on the ground of misjoinder.

SUPREME COURT.—*Error in Overruling Demurrer for Misjoinder.—Judgment not Reversed for.*—The Supreme Court will not reverse a judgment for error committed in sustaining or overruling a demurrer for misjoinder of causes of action.

REAL ESTATE.—*Title to.—Circuit Court.—Judgment of.—Sheriff's Sale.*—The judgment of the circuit court showing jurisdiction of the person and subject-matter, and valid on its face, is *prima facie* sufficient to support a sheriff's sale and title to real estate claimed under it.

From the Marion Superior Court.

*J. M. Winters, R. Denny* and *J. R. McFee,* for appellant.
*H. Dailey* and *W. V. Rooker,* for appellee.

BERKSHIRE, J.—This is an action to recover the possession of certain real estate in the city of Indianapolis, together with damages for its detention. The case was tried at special term, a judgment rendered for the appellee, an appeal taken to general term at which the judgment at special term was affirmed, with a modification as to the amount of damages, and this appeal is from the judgment at general term.

Several errors are assigned, to which we need not call special attention, but will consider the several questions discussed by appellant's counsel.

There are three paragraphs in the complaint. By the first and third paragraphs the appellee seeks to recover the pos-

session of the real estate, together with damages on account of the detention thereof. The second paragraph is for the recovery of damages only for the use and occupation of the real estate.

There were demurrers filed to the complaint, and to the several paragraphs of the complaint. The cause of demurrer to the complaint was a misjoinder of causes of action ; the cause of demurrer to the several paragraphs was want of facts sufficient to constitute a cause of action.

The appellant also filed a motion asking the court to require the several paragraphs of complaint to be docketed as independent actions, on the ground of misjoinder. In an action to recover the possession of real property, the plaintiff, if entitled to recover the possession, is also entitled to recover with it damages sustained because of being deprived of the possession. R. S. 1881, sections 1058, 1061.

Rents and profits are recoverable for a period of six years anterior to the commencement of the action, and down to the date at which the action is terminated. Section 1058, *supra.*

The cause of action averred in the second paragraph is to recover rents and profits for the use and occupation of the same real estate named in the first and third paragraphs of the complaint, and covering the same period of time stated in those paragraphs.

The cause of action pleaded in the second paragraph is fully covered by the other paragraphs, but if not it might have been, and as it is or might have been included in the paragraphs for possession, we can not very well see how it can be said that there is a misjoinder when joined with the other paragraphs in a separate paragraph ; if there is no misjoinder when included in the same paragraph, there can be no misjoinder when pleaded in a separate paragraph. Pomeroy Rem. Rights, section 494.

But if it were conceded that the court erred in overruling

the demurrer there would be no available error, for it is ex-
pressly provided by statute that no judgment shall be re-
versed for error committed in sustaining or overruling a de-
murrer for misjoinder of causes of action. R. S. 1881, sec-
tion 341; *Miller* v. *Evansville Nat'l Bank*, 99 Ind. 272; *Pitts-
burgh, etc., R. R. Co.* v. *Swinney*, 97 Ind. 586; *Coan* v.
*Grimes*, 63 Ind. 21.

The only proper way to raise the question of a misjoinder
of causes of action is by demurrer. R. S. 1881, section 343;
Buskirk Pr. 170; *Rutherford* v. *Moore*, 24 Ind. 311.

The court, therefore, committed no error in overruling
the motion to separately docket the different paragraphs of
complaint.

The first paragraph of the complaint is a paragraph in the
ordinary form, and contains all of the substantive as well as
formal averments necessary to a good cause of action.

The third paragraph is more specific, but shows the appel-
lee to be the owner of the real estate in controversy and en-
titled to the possession, and a wrongful detention of the
property by the appellant. These paragraphs are entirely
sufficient, and the demurrers were rightfully overruled. R.
S. 1881, section 1054.

The second paragraph avers an indebtedness due and un-
paid from the appellant to the appellee for the use and occu-
pation of the real estate, and states a good cause of action;
but if there had been error in overruling the demurrer it
would have been unavailing, for the same matter was prova-
ble under the other paragraphs of the complaint.

The appellee claimed title to the real estate under a sher-
iff's deed. The appellant being the judgment debtor, the
appellee was only required to prove a valid judgment, an
execution, a sale and a sheriff's deed. *Woolen* v. *Rockafeller*,
81 Ind. 208; *Rucker* v. *Steelman*, 73 Ind. 396; *Leary* v. *New*,
90 Ind. 502.

The judgment relied upon to support the appellee's title
is a judgment rendered in the Hamilton Circuit Court, which

is a court of general jurisdiction. Where the record of a court of general jurisdiction is silent upon the subject, jurisdiction will be presumed. *Pickering* v. *State,* 106 Ind. 228 ; *Iles* v. *Watson,* 76 Ind. 359 ; *McCormick* v. *Webster,* 89 Ind. 105 ; *Sims* v. *Gay,* 109 Ind. 501 ; *Walker* v. *Hill,* 111 Ind. 223 ; *Coan* v. *Clow,* 83 Ind. 417.

But the record of the judgment under consideration shows affirmatively jurisdiction over the person as well as the subject matter, and is probably conclusive as against collateral attack ; but as it is not necessary to pass upon that question, we do not do so. The judgment of the Hamilton Circuit Court is a valid judgment on its face, and is *prima facie* sufficient to support the sheriff's sale. *Woolen* v. *Rockafeller, supra ; Lantz* v. *Maffett,* 102 Ind. 23 ; *Turner* v. *First Nat'l Bank,* 78 Ind. 19.

We have considered all questions arising in the record to which counsel for the appellant give attention in their brief, and find no error.

Judgment affirmed, with costs.

Filed May 28, 1889; petition for a rehearing overruled Sept. 24, 1889.