Frick *v.* Godare *et al.*

No. 17,692.

FRICK *v.* GODARE ET AL.

DEED.—*Description.—Mistake.*—A mistake in a deed in locating the land conveyed in the "northwest quarter" instead of the "northeast quarter" of a given section, will not prevent the title from passing, where there is an additional description by metes and bounds, which furnishes the means of identifying the land conveyed.

From the Daviess Circuit Court.

*W. H. DeWolf,* for appellant.

*R. L. Bailey, J. Keith* and *Gardiner & Gardiner,* for appellees.

MONKS, J.—This was an action by appellees against appellant to quiet title to and recover possession of the southeast quarter of the northeast quarter of section twenty-seven, township two north, range eleven west, in Knox county. A demurrer to the complaint for want of facts was overruled. Appellees answered by general denial. A trial by the court resulted in a judgment for appellees. Appellant was granted a new trial as of right, and a second trial resulted in a finding for appellees, and over a motion for a new trial, judgment was rendered quieting appellees' title to said real estate and for the possession of the same.

The first error urged is that the court erred in overruling the demurrer to the complaint. Considered as a complaint to quiet title and for the possession of real estate the complaint was sufficient to withstand the demurrer.

It is claimed that the court erred in overruling appellant's motion for a new trial for the reason that there was not sufficient evidence to sustain the verdict. It appears from the evidence that one Pierre Cabbassier, owned the east half of the northeast quarter of section twenty-seven, township two north, range eleven west, in Knox county, and also other real estate at the time of his death in 1863. After his death the heirs divided his real estate; in this division the north half of said eighty acres, being the northeast quarter of the northeast quarter of said section, was conveyed to Charles Cabbassier, a son of the deceased, and the south half of said eighty acres, being

the real estate in controversy, fell to Elizabeth John-
son, a daughter of the deceased, and was conveyed to
her husband, George Johnson. In this deed the real
estate in controversy was described as follows: "The
southeast quarter of the northeast quarter of section
twenty-seven, in township two north, range eleven
west, and bounded as follows, to-wit: beginning at a
stake at the southwest corner of Charles Cabbassier's
land in said section, hickory 12 in. N. 5 links, elm 8. 1.
D. S. 25. W. 43 links, thence east twenty chains to
section line, thence south twenty chains to a stake
red bud 6 in. S. 5. E. 26 links, and an over cup oak 6
in. N. 13½ east 28 links, thence west twenty chains to a
stake, thence north twenty chains to the place of be-
ginning, containing forty acres, being a part of the.
land owned by Pierre Cabbassier, deceased." This
deed was recorded August 14, 1871.

Afterwards George Johnson and his wife sold and
conveyed the real estate in controversy to Charles
Cabbassier by the same description as in the forego-
ing deed. This deed was recorded August 16, 1871.
Both parties claim title through these two deeds.

At the time this deed and the previous deed were
executed, Charles Cabbassier did not own any real
estate in section twenty-seven, except the northeast
quarter of the northeast quarter thereof, and the de-
scription by metes and bounds contained in each of
said deeds commenced at the southwest corner there-
of, and therefore, we assume, correctly described the
southeast quarter of the northeast quarter, which is
the land in controversy.

On December 1, 1875, Charles Cabbassier and wife,
executed a deed to Francis and Nicholas Horie, by
which they intended to convey the real estate in con-
troversy to said grantees. In this deed the real estate
was described by metes and bounds, and as being a

part of the land owned by Pierre Cabbassier, deceased, the same as in the deed to Johnson and the deed to Cabbassier, but by mutual mistake of the parties, the same was also described as the southeast quarter of the northwest quarter of section twenty-seven, instead of the southeast quarter of the northeast quarter of said section. This deed was recorded December 4, 1875. On the same day, December 1, 1875, Nicholas and Francis Horie sold and conveyed said real estate to Eliza Godare. In this deed the real estate was described the same as in the deed from the Cabbassiers to the Hories. This deed was recorded December 6, 1875. Eliza Godare resided on the land for several years and made improvements thereon. She died the owner of the real estate in controversy, and her husband died in 1878 or 1879. The appellees are the only children of Eliza Godare, and at her death and the death of her husband inherited said real estate.

After the death of Eliza Godare, Charles Cabbassier and his wife, in March, 1881, conveyed the real estate in controversy to Adelia Bono and Charles Bono. The real estate was described in said deed as follows: "The southeast quarter of the northeast quarter of section twenty-seven, in township two north, of range eleven west, containing forty acres, being the same tract intended to be conveyed by Pierre Cabbassier's heirs to George Johnson, and by said Johnson and wife to grantor, Charles Cabbassier." Bono and wife conveyed the land to Linson Johnson, who conveyed the same land to one, Byard, who conveyed it to appellant.

The only real estate that Charles Cabbassier owned in section twenty-seven was the east half of the northeast quarter, the north half he received as his share in

the partition and the south half by and from the Johnsons.

It is a well settled proposition that it is not the office of a description in a deed to identify the land; it is sufficient if it furnish the means of identification, and that the part of the deed describing the premises conveyed shall be construed with the utmost liberality. *Rucker* v. *Steelman*, 73 Ind. 396, and cases cited on page 407; *Singer* v. *Scheible*, 109 Ind. 575, and cases cited on pages 583, 584.

An examination of the record by appellant, or by any one under whom he claims, would have disclosed the deeds to George Johnson, to Charles Cabbassier and to Nicholas and Francis Horie, the last deed describing the real estate by metes and bounds, the same as in the two deeds named, the mistake being in the two words northwest quarter instead of northeast quarter. Cabbassier did not own any land in the northwest quarter of the section —— his land was in the northeast quarter. The description by metes and bounds in the deed from Cabbassier to the Hories, and in the deed from the Hories to Godare was such a description as furnished the means of identifying the real estate in controversy as that intended to be conveyed by the deed. Such a description is all that is required under the authorities cited. The courses, distances and monuments, together with the corners and the witnesses to the corners, and the location are given as in an official survey made by a surveyor. So that there could not have been any difficulty in locating and identifying the land conveyed by this description in each of the deeds. This description by metes and bounds is the same in all deeds through which appellees claim title, and in each deed clearly describes the same real estate. If these conveyances were not sufficient to vest a perfect title in appellees,

they were sufficient, at least, to have put any one upon inquiry. Whatever is sufficient to put a party upon inquiry is notice. *Singer* v. *Scheible, supra,* on page 583, and cases cited; *Lodge* v. *Simonton,* 2 P. & W. (Pa.) 439; *Parker* v. *Conner,* 93 N. Y. 118, 45 Am. Rep. 178, and notes on pp. 184-190; 2 White & Tudor's Leading Cases, Equity, 145, 153, 154, 189, 192.

We think the finding and judgment of the court are fully sustained by the evidence, and that there is no error in the record.

Judgment affirmed.

Filed February 13, 1896.