FOX *v.* JACKSON ET AL.

[No. 17,425.   Filed January 31, 1946.]

*Kissinger & Kissinger,* and *Thomas F. Fitzgerald,* all of Columbia City, for appellant.

*Whiteleather & Whiteleather,* and *Gates & Gates,* all of Columbia City, for appellees.

DRAPER, J.—A second mortgage on appellant's farm was foreclosed in the Whitley Circuit Court. In due course the appellee Jackson, a stranger to the foreclosure proceedings, purchased the property from the appellee Fisher, sheriff of Whitley County, at the sale pursuant to foreclosure decree.

This action was brought by the appellant against the appellees to vacate and set aside the sale and the deed executed pursuant thereto. Whether the parties to the foreclosure suit, or any of them, should have been made parties defendant in this action is a question neither presented nor considered.

On motion, the court found for the appellees on the evidence introduced by the appellant, and the correctness of that ruling is challenged here.

In resolving the question presented the court must consider as true the admitted allegations of appellant's complaint. Rule 1-3, 1943 Revision; Gavit's Pleading and Practise, Vol. I, § 21 (c), p. 76. The court must also consider as true all facts which the evidence tends to prove, or of which there is any evidence, however slight, and draw therefrom such reasonable inferences as are favorable to the appellant. *The Lake Shore and Michigan Southern Railway Company* v. *Foster* (1885), 104 Ind. 293, 4 N. E. 20; *Plaskett* v. *Benton-Warren, etc., Soc.* (1910), 45 Ind. App. 358, 89 N. E. 968, 90 N. E. 908.

So considered, it would appear from the record that the real estate in question had a market value of from five to somewhat over six thousand dollars at the time of sale. On that date at 10 A. M. the sheriff read the order of sale at the north door of the court house. Receiving no bids there, he returned to his office which

was located just inside the north door of the courthouse. During the day he received two bids in his office. He received Jackson's bid there at about 3 P. M., but held the sale open until 4 P. M. as provided by the notice of sale. He then accepted Jackson's bid which was for the full amount of judgment and costs and which, when added to the first mortgage which he later paid, made the property cost Jackson about $3,000. The sale was without relief from valuation and appraisement laws.

There is no evidence that anyone willing to make a bid higher than Jackson's was anywhere about the courthouse, or anywhere else, or that anyone who desired to bid was unable to do so. Before the sale Fox tried unsuccessfully to obtain a loan to pay off the judgment. He was not at the courthouse on the day of sale, and there is no evidence that he desired or was able to bid at the sale or pay the judgment.

The appellant contends that the amount received from the sale was grossly inadequate—that the sale was irregular in that it was not made at the courthouse door, and that these circumstances taken together are sufficient to avoid the sale.

The sale was governed by the provisions of § 3-1801, Burns' 1933, which requires the mortgaged premises to be sold at public auction at the door of the courthouse. The sale, although held at the courthouse, was not held at the required place there and it was, therefore, as contended by the appellant, irregular.

Inadequacy of price alone will not justify the setting aside of a sheriff's sale, unless the disparity between the value of the property sold and the price paid is so enormous as to shock the conscience. Gross inadequacy of price, coupled with slight addi-

tional facts showing fraud, irregularity, unfairness or other circumstances which may have operated to prevent the property from bringing something like the fair value, will avoid a sale. *Wright* v. *Dick* (1889), 116 Ind. 538, 19 N. E. 306; *Branch* v. *Foust* (1892), 130 Ind. 538, 30 N. E. 631. And where there is such an inadequacy of price as to work a grave injustice upon either the execution debtor or creditor, an abuse of power by the sheriff, or his failure to exercise a sound discretion will afford grounds for relief regardless of his good or bad faith. *Home Owners' Loan Corporation* v. *Braxtan* (1942), 220 Ind. 587, 44 N. E. (2d) 989.

Each case of this kind must depend largely upon its own peculiar facts. Whether the circumstances under which the sale is held, coupled with inadequacy of price, are sufficient to justify setting aside the sale is a matter largely within the discretion of the trial court, subject, of course, to review for an abuse thereof. *Home Owners' Loan Corporation* v. *Braxton, supra;* 33 C. J. S., § 234, p. 494.

With these principles in mind we examine the instant case. The evidence would support the belief that the property had a market value of something over $6,000, but the test of adequacy of price is not what the property is worth, but what it will bring at a fair sheriff's sale, which is, of course, a forced sale. 33 C. J. S., § 233, p. 493. No witness expressed an opinion as to what price the property would bring at a forced sale, but the court was entitled to believe that such a price might be substantially less than the fair market value.

In determining the fairness of the price the trial court was further entitled to consider the fact that

the appellant, although he had tried to do so, had been unable in one year to arrange another loan sufficient to discharge the property of the lien. Moreover, while it is not always necessary to show affirmatively that the ground relied on in connection with inadequacy of price occasioned the inadequacy, *McLean* v. *Stith* (1908), 50 Texas Civ. App. 323, 112 S. W. 355, it is apparent that the irregularity in this case had nothing to do with the amount the property brought. See *Gregg* v. *First Nat. Bank* (Texas 1930), 26 S. W. (2d) 179.

It is provided by various sections of the Acts of 1931, ch. 90, (§ 3-1801 *et seq.*, Burns' 1933), that in a case of this kind no process shall issue for the sale of mortgaged property for a period of one year after the filing of the complaint in foreclosure, and redemption is permitted before, but not after the sale. It was said in *Wright* v. *Dick, supra,* that if there are irregularities in the sale or circumstances indicating fraud or unfairness, the law will sometimes *ascribe* to these irregularities and circumstances the effect of bringing about the ruinous sacrifice of property which has been sold at an unconscionably low price, and in the case last mentioned it was also said that irregularities such as we are considering will be waived by acquiescence during the redemption period. Of course where, as here, the statutory period for redemption precedes rather than follows the sale, the latter rule would not apply.

We are of the opinion that the evidence did not show such gross inadequacy of price or such an irregularity in the sale as taken together would require the court, in the exercise of a sound discretion, to grant the relief sought.

Judgment affirmed.

NOTE.—Reported in 64 N. E. (2d) 799.