GILBERT ET AL. *v.* LUSK ET AL.

[No. 18,069. Filed June 5, 1952. Rehearing denied October 23, 1952. Transfer denied December 15, 1952.]

*Bowen, Mendenhall & Hunter,* of Winchester, and *Francis A. Shaw* and *Frank R. Wilson,* both of Muncie, for appellants.

*Jacob N. Lennington* and *Harry S. Redkey,* both of Muncie, and *John D. Wilson,* of Winchester, for appellees.

BOWEN, J.—This is an appeal from a judgment in an action of ejectment brought by appellees, Emmett J. Lusk and Verna E. Lusk, who had purchased the real estate which was the subject of the action at a sheriff's sale under a previous decree of foreclosure in another cause of action wherein the appellee, Archie Hensley, was plaintiff, and the appellants, Arch H. Gilbert and William K. Gilbert, were defendants.

After the ejectment action was commenced, the said Hannah E. Gilbert died, and her administrator was substituted as a party defendant in the ejectment suit.

Issues were joined upon answers in denial by the appellants, William K. Gilbert, Arch H. Gilbert, Charlotte

Gilbert, and Frank R. Wilson, administrator of the estate of Hannah E. Gilbert, which answers asserted a collateral attack on the previous judgment of foreclosure. Such answers alleged that the note and mortgage in said foreclosure were obtained by appellee, Archie Hensley, by fraud, that such note and mortgage were executed without any consideration therefor, and that Charlotte Gilbert and the said Hanna E. Gilbert were the holders of certain equitable interests in such real estate, and had and held certain liens thereon for purchase money and other monies laid out and expended on the liens thereon. The appellants upon motion were granted leave of court to make appellee, Archie Hensley, a party-defendant in said ejectment action, and to file cross-complaints. The appellant-administrator of the estate of Hannah Gilbert filed his cross-complaint. In such cross-complaint, he asked to have a vendor's lien declared on the real estate in question.

The appellant, William K. Gilbert, also filed a cross-complaint against appellees, Emmett J. Lusk, Verna E. Lusk, and Archie Hensley, attacking the validity of the previous foreclosure judgment alleging that the note and mortgage sued upon were obtained by certain fraudulent actions of Archie Hensley and one Webster Gilbert and that there was no consideration for the same; that there was a defect of parties in the foreclosure action for the reason that other persons were the owners of part of said note and mortgage, and that other persons held interests in such real estate and were not made parties to such action, and that the appellee, Archie Hensley, was not a real party in interest in such foreclosure action.

Appellants' William K. Gilbert and Archie H. Gilbert, also alleged in their cross-complaint that the

appellants were not properly served with summons on the supplemental complaint filed in the action to foreclose the mortgage, and that the judgment rendered by the Delaware Circuit Court in said foreclosure action, the notice of the sheriff's sale, and the sheriff's sale, were void by reason of an indefinite, inaccurate, and uncertain description.

The appellant, Charlotte Gilbert, filed her cross-complaint against appellees, Emmett J. Lusk, Verna E. Lusk, and Archie Hensley, and appellants, William K. Gilbert and Arch H. Gilbert in two paragraphs alleging that she was the owner of certain interests in such real estate by reason of inheritance and purchases under certain oral contracts of purchase which facts were alleged to have been known by appellee, Archie Hensley, at the time of the commencement of the foreclosure action; that she held an equitable lien upon such real estate, which lien was superior to that of the appellees' Emmett J. Lusk, Verna E. Lusk, and Archie Hensley, and that such appellees had notice of the rights of appellant, Charlotte Gilbert.

The cause was submitted to the court for trial without the intervention of a jury, evidence was heard, and the court, upon proper request, made special findings of fact and conclusions of law.

The court found for the appellees, and in its findings and conclusions of law determined: That appellees, Emmett J. Lusk and Verna Lusk, were the owners of the real estate in question and entitled to the immediate possession of the same; that the appellants, Charlotte Gilbert and Hannah Gilbert, were guilty of laches by reason of their long and unreasonable delay in asserting their alleged rights in such real estate; and that Charlotte Gilbert and the representative of Han-

nah Gilbert, deceased, are estopped from asserting any rights, title, claims, or interests in and to such real estate, and are estopped from denying the validity of appellees' title to the real estate. The court further adjudged that Charlotte Gilbert was entitled to credit for the sum of $3,401.41, for monies expended by her in payments on a mortgage held by The Prudential Insurance Company and in the payment of insurance premiums upon the buildings located on the premises, such amount to be applied in a reduction of the damages awarded appellees.

The court further adjudged that Charlotte Gilbert, Arch H. Gilbert, William K. Gilbert, and Frank R. Wilson, administrator of the estate of Hannah E. Gilbert, take nothing upon their separate and several cross-complaints.

The appellants have assigned twenty-two separate specifications of error, including the assignments that the court erred in overruling the joint and several motions for a new trial; that the court erred in the separate conclusions of law and other separate specifications, and of such specifications, those which are not waived will be considered in this opinion.

Grounds of the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law; that the damages assessed by the court are excessive, that the assessment of the amount of recovery is erroneous, being too large, and that the court erred in assessing damages against William K. Gilbert, Charlotte Gilbert, and Hannah E. Gilbert.

The pleadings and the record in this case are voluminous, and the transcript consists of some 1,372 pages, and the appellants' brief consists of 572 pages.

However, the assignments of error presented by the appellants require our determination of several main legal propositions.

Under numerous assignments of error, the appellants raise the question as to alleged defects of parties in the proceeding to foreclose the mortgage in the cause of action by which appellees derived a fee simple title to the real estate by purchase at Sheriff's sale. The appellants urge that the appellee, Archie Hensley, in his suit to foreclose the mortgage ignored §2-213 and §2-220 Burns' Stat., which provide as follows: "§2-213. All persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs, *except as otherwise provided in this act.*" (Our emphasis.) Section 2-220 provides: "Of the parties in the action, those who are united in interest must be joined as plaintiffs or defendants; but, if the consent of anyone who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint, . . ." Each of these sections are a part of Chapter 38 of the Acts of the Special Session of 1881, and the exceptions referred to are contained in §2-202 Burns' Stat., being a section of the same act which provides an exemption as follows: "An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute may sue without joining with him the person for whose benefit the action is prosecuted." A trustee of an express trust within the meaning of this section "shall be construed as any person whom, or in whose name a contract is made for the benefit of another, . . ."

The court by its findings in this case determined that the note and mortgage in question was made in the

name of the appellee, Archie Hensley, for the benefit of others, and, therefore, Archie Hensley became a trustee, and could, therefore, maintain the cause of action in his own name without joining the other persons who had an interest therein as plaintiffs or defendants. *Owen* v. *Harriott* (1910), 47 Ind. App. 359, 94 N. E. 591.

The appellants contend in this connection that the judgment is contrary to law for the reason that Archie Hensley was the sole plaintiff in the action; that the other co-owners on the mortgage were not parties plaintiff or defendant. The appellees assert that Mary Hensley, and George Hensley and Perry A. Williams and Emma Williams were not necessary parties to this action to foreclose; that they chose to have executed a note and mortgage in the name of Archie Hensley, and he thereby became their agent or trustee. The record shows that after the note and mortgage were executed, the parties executed a contract among themselves at a family meeting fixing their several rights in the note and mortgage, and by their acts under the evidence they acknowledged and accepted the payee of said note as agent and trustee, and each are now estopped from asserting otherwise.

Appellants proceed on the theory that by the execution of the note and mortgage, Mary Hensley, George Hensley, Perry A. Williams, and Emma Williams acquired an interest in the real estate by the execution of the mortgage to Archie Hensley, and that by reason of their interest in the real estate and not having been made parties to the action to foreclose, the purchasers of the real estate at the sheriff's sale did not acquire their interest in this real estate, but only acquired interest of Archie Hensley therein.

The appellees, Emmett J. Lusk and Verna Lusk, acquired the interest of the mortgagor in and to the real estate. A mortgagee has no title in the lands mortgaged, but merely an encumbrance or lien thereon. *Baldwin* v. *Moroney* (1909), 173 Ind. 574, 91 N. E. 3.

Therefore, Mary E. Hensley, George Hensley, Perry A. Williams and Emma Williams held no title in the real estate, but only the mortgagee's interest, which was represented in such proceeding by Archie Hensley as their trustee, who had the right to maintain this action without joining the persons for whose benefit the action was prosecuted.

The appellants also assail the judgment of the court below on the ground that in the judgment rendered by the Delaware Circuit Court in the foreclosure action, the notice of the Sheriff's sale and the Sheriff's sale, were void by reason of an indefinite, inaccurate, and uncertain description. The appellants claim that a 39¼ acre tract which is a part of the real estate in question was incorrectly described in the mortgage, in the complaints to foreclose, in the judgment, execution and notice of sale, and that such description is not the same as the real estate described in the Sheriff's deed.

Such 39¼ acre tract as described in the complaint, mortgage, judgment, execution and notice of Sheriff's sale is as follows:

"A part of the east half of the northeast quarter of section twenty-three (23), Township Twenty (20) North, Range nine (9) East, described as follows: Commencing at the northeast corner of the northwest quarter of said Section, thence west eighty (80) rods to the northwest corner of the east half of said northwest quarter section; thence south with the west line of said east half of said northeast quarter section about ninety-one (91) rods to the north line of the Cleveland, Columbus,

Cincinnati and St. Louis Railroad grounds; thence in a northeasterly direction along said railroad grounds to the East line of said northeast quarter section; thence north with said east line about seventy-four (74) rods to the place of beginning. Excepting therefrom the rights of way heretofore conveyed to and now occupied by the Union Traction Company of Indiana, for their railroad. Said tract estimated to contain thirty-nine and one-fourth (39¼) acres, more or less."

The 39¼ acre tract as described in the Sheriff's deed and the complaint in ejectment is as follows:

"A part of the East half of the northeast quarter of Section twenty-three (23), Township Twenty (20) North, Range nine (9) East, described as follows: Commencing at the northeast corner of the northeast quarter of said Section; thence west eighty (80) rods to the northwest corner of the east half of the said northeast quarter section; thence south with the west line of said east half of said north east quarter section about ninety-one (91) rods to the north line of the Cleveland, Columbus, Cincinnati and St. Louis Railroad grounds; thence in a northeasterly direction along said railroad grounds to the east line of said northeast quarter section; thence north with said east line about seventy-four (74) rods to the place of beginning. Excepting therefrom the rights of way heretofore conveyed to and now occupied by the Union Traction Company of Indiana, for their railroad. Said tract estimated to contain thirty-nine and one-fourth (39¼) acres, more or less."

It will be noted that the first description set out herein which was used in the mortgage, complaints to foreclose, the judgment, execution and notice of sale, is erroneous. The starting point being the "northeast corner of the northwest quarter," while the starting point in the Sheriff's deed and complaint in ejectment is the "northeast corner of the northeast quarter" which starting point is correct.

The appellants contend that the deed descriptions, as shown by the record, make the proceedings void by reason of an indefinite, inaccurate, and uncertain description as to those 39¼ acres tract.

It is a familiar rule of law that the part of a deed describing the premises conveyed shall be construed with the utmost liberality, and that it is not the office of a description to identify the land, but to furnish the means of identification. If the description furnishes sufficient means to identify a definite and specific tract then the same is sufficient. *Rucker* v. *Steelman* (1881), 73 Ind. 396; *Singer* v. *Scheible* (1895), 109 Ind. 575, 10 N. E. 616; *Frick* v. *Godare* (1895), 144 Ind. 170, 42 N. E. 1015.

A description of real estate is sufficient when the sheriff, with the aid of a surveyor, can find the real estate and determine its boundaries. *O'Connor* v. *Baum* (1913), 54 Ind. App. 195, 100 N. E. 581.

There is a well-known maxim of law that, *that is certain that may be rendered certain.* Applying this maxim to the facts of the record and the descriptions in this case, it is seen that the real estate described is *"a part of the east half of the northeast quarter of section 23,* township 20 north, range 9 east described as follows: Commencing at the northeast corner of the *northwest* quarter of said section; thence west 80 rods to the *northwest corner of the east half of said northeast quarter section . . ."*

It is impossible to go 80 rods west from the starting point to the northwest corner of the east half of said "northeast quarter section." Therefore, the starting point is erroneous and uncertain. However, the description locates with certainty three definite points. First: "The northwest corner of the

east half of said northeast quarter section"; Second: "The point of the intersection of the west line of the east half of said northeast quarter with the north line of the Cleveland, Columbus, Cincinnati and St. Louis Railroad grounds," and Third: "The point of intersection of the north line of said railroad and the east line of the northeast quarter section."

There are also three definite and certain boundary lines furnished by said description. First: "The west line of the east half of the northeast quarter section, between the northwest corner of said east half and the north line of the Cleveland, Columbus, Cincinnati and St. Louis Railroad ground;" Second: "The north line of the Cleveland, Columbus, Cincinnati, and St. Louis Railroad Grounds between the west line of each half of said northeast quarter section and the east line of said quarter section;" and third: "The east line of said northwest quarter section."

Taking into consideration the three definite and certain points and the three definite and certain boundary lines and applying the rule of taking any definite point as a starting point, and inverting the description one can locate with certainty and precision the accurate and intelligible description of the real estate in question.

Also, this court judicially knows that a point 80 rods east of the northwest corner of the east half of the northeast quarter section is the northeast corner of said quarter section; and, therefore, considering the means of identification furnished in the deed for this land, such point is the correct starting point as defined and fixed by all undisputed points, corner and boundary lines as fixed and located in said description. A definite and specific tract of real estate is described, and it is the same and identical tract as

described in the mortgage, the proceeding to foreclose, and the sale of real estate by the sheriff and the sheriff's deed to the appellees and in the complaint for ejectment herein.

The appellants attack the decision of the court in regard to the judgment held by the McElfrish heirs against William K. Gilbert, which judgment was rendered March 1, 1938, in that, the said William K. Gilbert had made sale of his interest in the real estate to the appellant, Arch H. Gilbert, on the 2nd of December, 1938, and that on the 20th day of March, 1942, at the time of the commencement of the action to foreclose by Archie Hensley, the said William K. Gilbert had no interest in the real estate, and that Archie Hensley and his attorney had full knowledge and notice of these facts, and that the entire Gilbert family had knowledge thereof at and prior to the commencement of said action, and that the court ordered the sale of the real estate to satisfy the lien of said judgment, when no issue had been drawn thereon by cross-bill or other proceedings. There is some evidence in the record that William K. Gilbert sold his interest in such real estate before the entry of the McElfrish judgment. However, the evidence on this question was conflicting and the deed therefor was never placed on record until long after the foreclosure and the sale thereunder. Taking into consideration the law of this state that all judgments become and are liens upon the real estate of the judgment debtor as provided by §2-2706 Burns' Stat., and no contract for the sale of this real estate or deed therefor being of record, the plaintiff and his attorney were compelled to treat the judgment as a lien on this real estate.

However, even if, as appellants claim, such finding was outside the issues in this case, or that there was

no issue tendered thereon, such a finding would not make the judgment void, but it would only be erroneous, and the erroneous judgment would stand until appealed from and reversed.

Taking into account all of the conflicting evidence as to the McElfrish judgment, and considering all of the reasonable inferences the trial court could have properly drawn therefrom, there is evidence to sustain the finding of the court thereon.

The appellants also assert as error in the failure of the court to find certain evidentiary facts surrounding the execution of the mortgage, and the failure of the court to find the facts as to the preparation of the note and mortgage, in the office of the attorney, and the failure of the court to take into account the evidence of certain parties in reference to their interest in said notes. The facts which the appellants claim the court failed to find are evidentiary facts of the circumstances which lead to the execution of the note and mortgage, that proved or disproved the ultimate facts which the court was called upon to decide and did decide. Under the law, all prior oral agreements of the parties are merged in their written agreements and contracts. *Smith* v. *McClain et al.* (1896), 146 Ind. 77, 45 N. E. 41; *Essex* v. *Hopkins* (1912), 50 Ind. App. 316, 98 N. E. 307; *Wayne, etc., Loan Assn.* v. *Beckner et al.* (1922), 191 Ind. 664, 134 N. E. 273.

Upon examining the record, it appears that by Finding Nos. 2 and 3 of the special findings of fact, the court found that the appellants, Arch Gilbert and William K. Gilbert, did execute the note and mortgage to appellee, Archie Hensley, and by these findings which were against the appellants herein, the court found that the facts the appellants contended had been established were not proved by the

evidence. The court is never required to find evidentiary facts, and when the court has found sufficient ultimate facts to sustain the judgment, that will be sufficient, though it may not find all the issuable facts, and the failure of the court to find the facts is considered a finding against those with the burden to prove the same. *Harris* v. *Riggs* (1916), 63 Ind. App. 201, 112 N. E. 36; *Spade* v. *Hawkins* (1915), 60 Ind. App. 388, 110 N. E. 1010.

The court found by its Finding No. 25 that the appellants, Arch Gilbert, William K. Gilbert, and Eva Gilbert, wife of William K. Gilbert, mortgaged the real estate to the cross-defendant, Archie Hensley, to secure the payment of the sum of $5,300 for certain indebtedness due Mary E. Hensley, George Hensley, Walter Hensley, Emma Williams, Perry A. Williams, and the cross-defendant, Archie Hensley. That by agreement between Emma Williams, Perry A. Williams, Mary E. Hensley, George Hensley, and Archie Hensley, said note and mortgage was executed in the name of Archie Hensley, as payee and mortgagee, but for the use and benefit of Emma Williams, Perry A. Williams, Mary E. Hensley, George Hensley, and Archie Hensley. The court did find the facts showing that such parties have an interest in said note and mortgage. The court did not find and fix a definite and specific interest of each in said note and mortgage, and was not called upon, under the issues in this action, to so find as no issues were tendered thereon.

The appellants contend that the court failed to find certain facts which they alleged existed as to the preparation of said note and mortgage in the office of Frank R. Wilson, as to the inducements and false representations made to William K. Gilbert and Arch H. Gilbert to induce the execution thereof.

However, under Findings Nos. 2 and 3, the court did find that for a valuable consideration said note and mortgage were executed to the cross-defendant, Archie Hensley. Had the court believed under the evidence that there had been fraudulent misrepresentations made thereon which would have induced the execution of said note and mortgage, the court would have so found, and the court, having failed to find such facts, it must be construed as a finding against the appellants. Upon conflicting evidence, the court concluded by its findings and judgment that the note and mortgage were not induced by fraud, and there is sufficient evidence to sustain such findings and judgment of the trial court.

The appellants also attack the appellees' title and contend that inadequacy of price for which the lands were sold at Sheriff's sale was sufficient for the court to set aside said sale. The testimony was varied on this question and many of the opinions expressed as to the fair market value were based upon certain speculative items. It must be borne in mind that a Sheriff's sale is a forced sale, and the test of inadequacy of price, is not what the property is worth, but what it will bring at a fair Sheriff's sale, which is a forced sale, and the cases where such sales have been set aside contain some element of violation of duty in addition to inadequacy of price. *Lashley and Others* v. *Cassell* (1864), 23 Ind. 600; *Branch* v. *Foust et al.* (1891), 130 Ind. 538, 30 N. E. 631. In the latter case, the court held that inadequacy of price coupled with circumstances showing fraud, irregularity and unfairness, would justify the setting aside of such sale by a court of equity. In such cases in equity to set aside a Sheriff's sale, regard must be had for the circumstances of the particular case; and whether the

circumstances under which the sale is held, considered in connection with the inadequacy of price are sufficient to justify the setting aside of the sale, is largely within the discretion of the trial court. *Fox* v. *Jackson* (1946), 116 Ind. App. 390, 64 N. E. 2d 799. In the present case, there is no showing of fraud or irregularity in the conduct of the sale by the sheriff, nor are circumstances shown from which an inference of fraudulent conduct could be drawn. We do not find in the record sufficient justification to hold that the trial court abused its discretion by failing to set aside the sale by reason of alleged inadequacy of price. Mere inadequacy of price alone is not sufficient to justify setting aside a Sheriff's sale of land, unless the difference between the value of the land and price paid is so great as to shock the sense of justice and right. *Branch* v. *Foust et al., supra.*

The appellants further contend that Finding No. 25 is not sustained by sufficient evidence. In such instance, the court found that the note and mortgage were made for the benefit of Arch H. Gilbert, William K. Gilbert, Hannah Gilbert, and Charlotte Gilbert, and were executed in the name of Archie Hensley for the benefit of the other creditors, and that Hannah E. Gilbert and Charlotte Gilbert knew said facts, accepted a benefit, and retained the same. It is undisputed by Arch Gilbert and William K. Gilbert that they were indebted to the several persons. The record shows that Archie Hensley had paid the note of Charlotte Gilbert secured by a chattel mortgage on the household goods given the Welfare Loan Company; that after the meeting in the Gilbert home, he talked with Charlotte Gilbert about her debts, and agreed to pay the same if the note and mortgage were executed. At the time of the execution of the mortgage, a light bill was paid for

the benefit of Hannah Gilbert, Charlotte Gilbert, and Arch Gilbert. There is sufficient evidence showing that Hannah Gilbert and Charlotte Gilbert received benefits by reason of the payment of debts by persons for whom the note and mortgage were given.

The appellants also have asserted as error as to the court's finding and judgment with reference to appellants' claim of the alleged equitable interest of Charlotte Gilbert and Hannah Gilbert in the real estate in question. Appellants assert a claim of certain interests in Hannah Gilbert and Charlotte Gilbert by reason of inheritance and purchase, and claim there was such a family arrangement of inheritance and purchase of real estate by which they have held and continued to hold an interest in such real estate. Hannah Gilbert, by quit claim deed, conveyed to William K. Gilbert, Arch Gilbert, and Webster Gilbert the 63-acre tract of real estate. Charlotte Gilbert quit claimed the same 63-acre tract to William K. Gilbert and Arch Gilbert. Later, Arch Gilbert, William K. Gilbert, and Webster Gilbert filed an action by which they quieted their title to such tract of real estate and made Hannah Gilbert and Charlotte Gilbert parties-defendant thereto. Hannah Gilbert by a warranty deed conveyed to William K. Gilbert and Arch Gilbert the 27-acre tract for a stated consideration of $3,200. One Abner F. Dragoo and others, by their warranty deed, conveyed to Webster Gilbert, William K. Gilbert, and Arch Gilbert the 39¼-acre tract; and later Webster Gilbert, by warranty deed, conveyed to William K. Gilbert and Arch Gilbert the 39¼-acre tract. After acquiring title to the real estate in question, Arch Gilbert and William K. Gilbert mortgaged the same to the Auditor of Delaware County, Indiana, the Yorktown Banking Company, Federal Land Bank

of Louisville, Kentucky, Federal Land Bank Commission, Prudential Insurance Company of America, and Archie Hensley. There is sufficient evidence in the record from which the court could have inferred that Charlotte Gilbert and Hannah Gilbert knew that Arch Gilbert and William K. Gilbert were mortgaging the real estate in question and asserting that they were the owners of the same, and that they were claiming on the strength of their record title, a part of which record title, were the several deeds executed by Charlotte Gilbert and Hannah Gilbert. Both Hannah Gilbert and Charlotte Gilbert permitted the record title to such real estate to be and remain in Arch Gilbert and William K. Gilbert for years, each knowing that other persons, from time to time, were extending credit to said Arch Gilbert and William K. Gilbert on the strength of their record title on said real estate. Both of them stood by and remained silent and failed to assert or disclose their alleged claim or right in said real estate. This brings them within the rule, "That where the owner of real estate permits title to be taken and held in another, and where third persons give credit to such other person, on the strength of the record title, without knowledge, of the rights of the real owner, the latter will be estopped to assert title as against such creditors. *Guynn* v. *Wabash, etc., Trust Co.* (1912), 53 Ind. App. 391, 101 N. E. 738; *Minnich et al.* v. *Shaffer et al.* (1893), 135 Ind. 634, 34 N. E. 987.

Further assignment of error is that the appellants in the foreclosure action filed a supplemental complaint and that the summons issued at the time of the commencement of the action to foreclose was insufficient to confer jurisdiction; that William K. Gilbert never appeared to the original action,

but suffered default, and that the court had no jurisdiction of his person at the time the judgment was rendered in that he had not been served with process on the supplemental complaint. The supplemental part of the complaint, in addition to the allegations, as set forth in the original complaint, related to the death of the defendant, Rose Bond, naming her heirs as her survivors in interest and alleging the payments of taxes on the real estate by the appellee, Archie Hensley. The court, by its finding, established that the supplemental complaint was not a new complaint nor a new cause of action, but that it would have brought into the record only supplemental matter necessary to a final determination of the action. Furthermore, prior to the time the judgment was rendered in the foreclosure action, the records disclose that the appellants, William K. Gilbert and Arch Gilbert, consented by their agreement that the following record be made in such cause. "Comes now the parties, each in person, and by their respective counsel, and this cause is now submitted to the court and evidence submitted on application for appointment of a receiver is now withdrawn. The contract by and between Archie Hensley and William K. Gilbert and Arch Gilbert is now filed and is in these words: (Here insert.) And the court having examined said contract now approves the same and the contract is made a part of the record in this cause." By this contract the said parties, William K. Gilbert and Arch Gilbert agreed that the said Archie Hensley, in the event William K. Gilbert and Arch Gilbert failed to pay the amount due in principal and interest on the mortgage note, should thereafter proceed to take judgment thereon, and that William K. Gilbert and Arch Gilbert agreed they would not contest the taking of said judgment in said action of

foreclosure, nor make any application for change of venue or any other dilatory pleas in said cause of action. After making such agreement, and having the same filed by voluntary agreement with the judge of the court in such foreclosure proceeding, it would seem very unreasonable for the said William K. Gilbert and Arch. Gilbert to contend that they were not bound by such voluntary action in having such contract placed of record in such proceeding and very unfair and unequitable to permit them to question the jurisdiction of such court in this appeal. This contract was made part of the record, and the court rendered judgment which was in accord with the agreement of the parties, and the parties must abide by their agreement. As the court said in *Board of Commissioners* v. *Scott* (1898), 19 Ind. App. 227, 49 N. E. 395:

> "It seems clear to us, that after this has been done, a party to such agreement,—an agreement sanctioned by the solemn judgment of the court,—cannot, and ought not to be permitted to have the judgment or decree changed, modified, or reversed, without first showing some fraud or mistake by which he was induced to enter into the agreement, and ask the court to enter the decree, or without showing some valid reason why he should be relieved from it. Such a doctrine or rule would be at variance and out of harmony with the rules of practice, and in conflict with the great weight of authorities."

The further assignment of error is that the damages assessed by the court are excessive. While there was conflicting evidence in the ejectment action, the measure of plaintiffs' damages is the value of the use and occupancy of the real estate. *Vandalia R. Co.* v. *Topping* (1919), 72 Ind. App. 694, 126 N. E. 485. Considering the evidence in the record, the court determined the damages at $12,600, and in view

of the circumstances shown by the record, we cannot say that this amount was excessive.

The appellants also assign error in that the court erred in assessing any damages against Charlotte Gilbert and Hannah Gilbert. The record shows that Charlotte Gilbert was made a party to this action and was duly served with summons, appeared and answered the complaint, by which answer she admitted the possession of the real estate, and claimed to be the owner of an interest therein. Hannah Gilbert was similarly made a party, and her administrator was made a party defendant after her death, and in his answer to the complaint, admitted his possession to the real estate and claimed an interest for his decedent's estate. The record shows that from the date of sale of real estate to appellees on the 5th day of May, 1943, and at the time this action was instituted, both Hannah Gilbert and Charlotte Gilbert were in possession of the real estate and that they had refused to surrender possession. Hannah Gilbert remained in the possession of the real estate until her death, and Charlotte Gilbert remained in possession until the trial of this action. The court did not err in assessing damages against Charlotte. Gilbert and the estate of Hannah Gilbert.

The appellants also contend that the court erred in overruling a motion of appellants to open the judgment and in refusing to take additional evidence, amend the findings of fact, and to make a new findings and conclusions of law and to direct a new judgment. The granting of such motions are solely within the sound discretion of the trial court, and in this case the new evidence was largely cumulative to the evidence in support of the propositions asserted by the appellants in the original trial.

It does not appear to this court from such motion that the matters sought to be asserted necessarily make it necessary to modify the court's findings of fact and conclusions of law, or compel a different judgment in said action. It does not appear that the court abused its discretion in overruling said motion. Therefore, the court did not commit error in overruling said motion. *Gelchrist* v. *Gelchrist* (1947), 225 Ind. 367, 75 N. E. 2d 417.

We have separately considered the assignments of error as to the findings of fact and conclusions of law, and we do not find that the trial court has committed error in regard to the appellants' assignments of error as to such findings of fact and conclusions of law. The trial court found all of the ultimate facts necessary to sustain the judgment and finding in favor of appellees, Emmett J. Lusk and Verna Lusk. There was sufficient evidence to support the ultimate facts found by the trial court, and the conclusions of law stated by the trial court are supported by the court's special findings of fact, and, therefore, are not contrary to law. It appears that there was a fair trial and a just result reached under the law and the evidence.

The judgment is, therefore, affirmed.

Royse, P. J., not participating.

NOTE.—Reported in 106 N. E. 2d 404.